EDWARD KANE, Respondent, v. THE NEW YORK, NEW HAVEN
AND HARTFORD RAILROAD COMPANY, Appellant.

A traveler approaching a railroad crossing guarded by gates, is not required
to exercise the same vigilance in looking and listening as when the
approaches are not so guarded.

In an action to recover damages for injuries alleged to have been received
by plaintiff through defendant's negligence, these facts appeared: plain-
tiff was driving along a highway, which crossed defendant's tracks, in
an open wagon; the crossing was protected by gates on each side of the
railroad; as plaintiff approached the tracks he found the gates closed; a
train passed, the gates were opened and plaintiff started on but after he
had passed the first gate, both were again closed so that escape was
impossible; he was struck by another train and injured. It was dark
at the time of the accident, and the train which had passed obstructed
the view of the approaching train; plaintiff and his witnesses testified that
they neither heard nor saw the latter until a moment before the collision.
*Held*, that the question as to plaintiff's contributory negligence was
properly submitted to the jury.

The court charged, on the question of damages, that plaintiff was entitled
to recover for present pain and what he would endure in the future.
*Held*, no error.

Plaintiff did not claim on the trial any liability on defendant's part because
of a failure to ring the bell or blow the whistle on the approaching train,
but the ground of liability was the alleged mismanagement of the gates.
Before the trial the provision of the act of 1854 (§ 7, chap. 282, Laws of
1854), requiring the bell to be rung or whistle sounded upon a locomo-
tive approaching a highway crossing had been repealed. (Chap. 593,
Laws of 1886). Defendant's counsel requested the court to charge that
it was not bound as matter of law to ring the bell or blow the whistle.
This request was refused. *Held*, no error; as it had no bearing upon
the issue.

(Argued January 27, 1892; decided March 8, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an
order made May 16, 1890, which affirmed a judgment in favor
of plaintiff, entered upon a verdict and affirmed an order
denying a motion for a new trial.

This action was brought to recover damages for personal
injuries received by plaintiff through the alleged negligence
of defendant.

The facts, so far as material, are stated in the opinion.

*Henry W. Taft* for appellant. The verdict of the jury
was contrary to the law upon the question of contributory
negligence, and should have been set aside upon the motion
for a new trial. (*Rogers* v. *Murray*, 3 Bosw. 357; *Wangler*
v. *Swift*, 90 N. Y. 38; *Buckley* v. *G. P. & R. M. Co.*, 113
id. 540; *Clark* v. *Richards*, 3 E. D. Smith, 89; *Bunten* v.
*O. M. Ins. Co.*, 4 Bosw. 254; *Currie* v. *Cowles*, 6 id. 460;
*Elsey* v. *Metcalf*, 1 Den. 323; *Stanton* v. *Wetherwax*, 16
Barb. 259; *Emerson* v. *County of Santa Clara*, 40 Cal. 543;
*Helbing* v. *S. Ins. Co.*, 54 id. 159; *Fleming* v. *M. Ins. Co.*,
4 Whart. 65; *Feeney* v. *L. I. R. R. Co.*, 116 N. Y. 375, 379;
*Glushing* v. *Sharp*, 96 id. 677; *Palmer* v. *N. Y. C. & H.
R. R. Co.*, 112 id. 234.) The judge was in error in allow-
ing the jury to base a finding of damages upon any pain
which the plaintiff might suffer in the future, for the reason
that there was no evidence that he would probably or even
possibly suffer any such pain. (*Curtis* v. *R. & S. R. R.
Co.*, 18 N. Y. 534; *Mosher* v. *Russell*, 44 Hun, 12; *Strohm*
v. *N. Y., L. E. & W. R. R. Co.*, 96 N. Y. 305; *Filer* v.
*N. Y. C. & H. R. R. R. Co.*, 49 id. 45; *Feeney* v. *L. I. R.
R. Co.*, 116 id. 375; *Matteson* v. *N. Y. C. R. R. Co.*, 62
Barb. 364; Laws of 1886, chap. 593.) Non-experts may
always testify from observation of facts to their opinion as to
insanity, drunkenness, memory. (Whart. on Ev. §§ 451, 510,
512; Abb. Tr. Ev. 117, 118; *De Witt* v. *Barly*, 17 N. Y.
340; *Delafield* v. *Parish*, 25 id. 38; *Clapp* v. *Fullerton*, 34
id. 190; *Holcomb* v. *Holcomb*, 95 id. 320.) The cross-exami-
nation of a witness cannot be extended to new matter without
being treated as the direct evidence of the party cross-examin-
ing and subject to the rules of direct-examination. (*Neil* v.
*Thorn*, 88 N. Y. 270, 275; *Creevy* v. *Carr*, 7 C. & P. 64;
*Rush* v. *Smith*, 1 C., M. & R. 93; *Ellmaker* v. *Buckley*, 16
S. & R. 72, 77; *Wood* v. *Connell*, 2 Whart. 542, 562; *Austin*
v. *State*, 14 Ark. 555, 563; *Commonwealth* v. *Morrell*, 99
Mass. 542; *Clifford* v. *Hunter*, 3 C. & P. 16; *Wood* v.
*Mackinson*, 2 W. & R. 273; *Bracegirdle* v. *Bailey*, 1 F. &
F. 536; *Strohm* v. *N. Y., L. E. & W. R. R. Co.*, 96 N. Y.

305; *McClain* v. *B. C. R. R. Co.*, 6 N. Y. S. R. 49; *Atkins* v. *M. R. Co.*, 32 id. 214; *Johnson* v. *M. R. Co.*, 52 Hun, 111; *Tozer* v. *N. Y. C. & H. R. R. R. Co.*, 105 N. Y. 617; *Turner* v. *City of Newburg*, 109 id. 617; *Griswold* v. *N. Y. C. & H. R. R. R. Co.*, 115 id. 64.)

*John H. Clapp* for respondent. Possibly it was not the duty of the defendant to put gates at the crossing, but having put them there the defendant was bound to keep them down, crossing the street, while any train was passing, or when any train was about to pass; to leave them up or to raise them was an invitation to any one desiring to cross the tracks to proceed. (*Oldenburg* v. *N. Y. C. & H. R. R. R. Co.*, 124 N. Y. 414; *Rodrian* v. *N. Y., N. H. & H. R. R. Co.*, 125 id. 526; *Palmer* v. *N. Y. C. & H. R. R. R. Co.*, 112 id. 234; *Lindeman* v. *N. Y. C. & H. R. R. R. Co.*, 42 Hun, 306; *Callaghan* v. *D., L. & W. R. R. Co.*, 52 id. 277; *Glushing* v. *Sharp*, 96 N. Y. 676.)

FOLLETT, Ch. J. The defendant's railroad runs through the village of Portchester in a northerly and southerly direction, crossing Adee street nearly at right angles and at grade. The passenger station is on the west side of the railroad and south of, and a little distance from, said street. The crossing is protected on both sides of the railroad by gates, which are lowered when trains are passing and raised when the defendant's gateman deems it safe for teams and footmen to cross the tracks.

On the northerly side of Adee street, and on the easterly side of the railroad, there is a mound of rocks fifteen or twenty feet high, but its size is not otherwise described, nor does it appear how near to the street or railroad these rocks are.

For some time before the accident about to be described, the plaintiff had been employed as coachman and man of all work by Mr. Berrian, who resided some little distance from the station. At about 6.20 P. M. on the 6th of February, 1889, the plaintiff, while on his way to the station driving in an open buckboard wagon, reached a point about forty feet east of the

east gate, which he found closed; he waited until the east-bound train from New York to New Haven passed the crossing, at which time the gates were raised by the gateman and the plaintiff started to cross the tracks for the purpose of going to the station. Before he effected a crossing, the gates on both sides of the railroad were lowered so that escape was impossible, and while in this situation he was struck by a west-bound train running from New Haven to New York, and was quite severely injured.

The fact that the gates were raised and lowered as described, was not disputed on the trial, but the defendant insisted that the gates were raised after the first train passed by some person not in its service, but this issue was found for the plaintiff, and established the negligence of the defendant.

The defendant insisted on the trial, and now insists, that the evidence conclusively shows that the plaintiff, had he looked and listened, might have discovered the approaching train, and that by not doing so, he negligently contributed to his injury. It was dark at the time of the accident and the gas lights were burning.

The first train which passed just before the gates were raised was running on the easterly track, and the train from New Haven, which struck the plaintiff, was on the westerly track, so that during the time they were passing each other the train bound easterly obstructed the plaintiff's view of the train which inflicted the injury.

The engineer of the train testified that the locomotive bell was rung as it approached the crossing. The plaintiff and other witnesses testified that they neither heard nor saw the train until a moment before the collision.

Upon this issue the court, at the request of the defendant, charged that, (1) "Before attempting to cross the track the plaintiff was bound to look and listen, and if by looking and listening he might have seen and heard the train in time to avoid being struck, he cannot recover." (2) "That if the east-bound train obstructed his view, but it was moving out of his way, so that in a short space of time he would have had a clear

view of the west-bound train approaching, and he, without waiting, and as soon as the gate was open, drove across and in consequence was injured, he was guilty of contributory negligence and cannot recover."

The defendant now insists that the jury, in returning a verdict for the plaintiff, violated the plain instructions of the court. It is possible that if the plaintiff had not been misled by the action of defendant's gateman, which was an invitation to the plaintiff to make the crossing, that he might, by the exercise of great vigilance and care, have discovered the approaching train in time to have avoided the collision; but it does not conclusively appear that had he looked when he started to cross the tracks that he could have seen the approaching train in time to have avoided the accident, as it was dark and his view was obstructed by the east-bound train and the mound of rocks. It is well settled that a traveler approaching a crossing guarded by gates is not required to exercise the same vigilance to look and listen as when he approaches one not so guarded. (*Rodrian* v. *N. Y., N. H. & H. R. R. Co.*, 125 N. Y. 526; *Oldenburg* v. *N. Y. C. & H. R. R. R. Co.*, 124 id. 414; *Palmer* v. *N. Y. C. & H. R. R. R. Co.*, 112 id. 234.)

Under the evidence in this case, it was a fair question of fact for the jury to determine whether the plaintiff by his own negligence contributed to the accident which caused the injury, and we do not think the defendant is in a position to take advantage of instructions which were perhaps too favorable to it.

The court charged that the plaintiff was entitled to recover, "for the pain which he has endured both present and future, because he cannot maintain any other action hereafter," to which instruction the defendant's counsel took the following exception: "I desire to except to your honor's charge where you say that the plaintiff is entitled to recover for the pain and suffering both present and future and I ask your honor to charge that any pain or suffering which he has now or has had in the past by reason of lack of proper medical treatment or care he cannot have pay for." The court replied: "I charge

the jury that he has to recover for the injuries that he has sustained and that the jury can look to the future as well as to the past, because the plaintiff can maintain no other action." To this instruction the defendant's counsel took a general exception.

It is argued on the part of the appellant that these instructions were erroneous, for the reason that there is no evidence that the plaintiff would probably suffer pain in future. Upon this issue the plaintiff testified: "I was able to do anything before the accident. I could do anything before this happened me. Since this accident I cannot do near the work. My head sometimes when I am cleaning off the horses my head gets dizzy and have to catch hold the stall to keep myself up, and I forget a good deal. My memory is defective. It was good before, and my hip troubles me most of the time in damp weather. It is sore, it has the effect upon my power to walk, my ability to walk, that I cannot walk as good as I used to." The plaintiff's employer testified: "Since the accident plaintiff is very forgetful. Very recently and quite often I will arrive at the depot and he will take me home and I find when I reach home that he was told to tell me to procure something in the village and forgotten all about it. He never was that way prior to the accident. He is unable to do the work that he did before. He cannot do as much by one-half." A son of his employer testified: "Plaintiff was a very good workman, could do anything. Since this accident has occurred I have seen him around the place there. He is not a good workman now, at times he goes lame and is very forgetful and has no memory whatever. Prior to this accident he was not forgetful, he had a very good memory." The defendant called a surgeon who testified that he had examined the plaintiff and found a scar on the back of his head over an inch in length, that his nose was not straight, and gave evidence of pain on manipulation of his right hip joint which seemed neuralgic in character, that on manipulating the hip joint the plaintiff complained of pain and had a slight contraction of the muscles. That the trouble was in the muscles

and it might be from a contusion. This evidence was sufficient to justify the court in charging the jury that the plaintiff was entitled to recover, if the defendant was liable, for the pain that he would endure in the future. No error was committed by the court in submitting the question of damages to the jury. The learned counsel for the defendant requested the court to charge " that the defendant was not bound, as a matter of law either to ring its bell or blow its whistle," which was refused and the defendant's counsel excepted. Section 7 of chapter 282, Laws 1854, which provides that a bell shall be rung or a whistle sounded on locomotives for at least eighty rods before crossing a highway or street, and makes railroad corporations liable for all damages sustained by any person by reason of neglecting this duty was repealed by chapter 593, Laws 1886. (*Lewis* v. *N. Y., L. E. & W. R. R. Co.*, 123 N. Y. 496.)

The plaintiff in this case did not claim that the defendant was liable because of its failure to ring a bell or sound a whistle but the sole ground of liability alleged in the complaint and proved on the trial was the mismanagement of the gates. Before this request was made the court had made no allusion to the sounding of the bell or whistle, and it was but incidently alluded to on the trial, not as a ground of liability, but as bearing upon the question of whether the plaintiff contributed to his own injury.

Whether the bell was rung not having been made an issue on the trial and the defendant's liability for the injury not being predicated upon the failure to ring a bell or sound a whistle it was not error for the court to refuse to charge as requested.

None of the objections to the admissibility of evidence require attention.

The judgment should be affirmed with costs.

All concur, LANDON, J., in result.

Judgment affirmed.